# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

LA CUNA DE AZTLAN SACRED SITES
PROTECTION CIRCLE ADVISORY
COMMITTEE, et al.,

Plaintiffs,

vs.

UNITED STATES DEPARTMENT OF
THE INTERIOR, et al,

Defendants.

CASE NO. 10cv2664-LAB (CAB)

**ORDER DISMISSING CLAIMS AS
MOOT; AND**

**ORDER DENYING MOTION TO
DISMISS**

The claims in this case arise from a planned solar energy project in the Southern California desert. On January 21, 2011, Plaintiffs filed their amended complaint in this action, bringing five claims. On May 16, 2011, Defendants moved to dismiss. Then on October 6, 2011 in a related case, the Court issued an injunction, preventing the solar energy project from going forward until certain procedural requirements had been met. Because this appeared to moot most or all of Plaintiffs' claims, the Court issued an order to show cause why this action should not be dismissed as nonjusticiable. The parties, agreeing that some claims were not currently justiciable, jointly moved to dismiss those claims as moot (Docket no. 142), and that joint motion is **GRANTED**. Plaintiffs' first and fifth claims are **DISMISSED WITHOUT PREJUDICE**. Their second, third, and fourth claims are **DISMISSED**, except to

the extent they pertain to the record of decision ("ROD") or California Desert Conservation Area plan amendment, and are brought under the National Environmental Policy Act or Federal Land Policy and Management Act. Imperial Valley Solar has already been dismissed as a party, by the parties' consent.

The parties filed briefs the remaining issues, and on February 13, 2012 the Court held a hearing where the parties appeared and argued their positions. Plaintiffs maintained that because the Record of Decision and the California Desert Conservation Area plan amendment represent final agency decisions, those claims are now ripe for review under the Administrative Procedures Act. For reasons discussed at the hearing, the Court agrees with this position, and will not dismiss the remaining claims as unripe. *See Pacific Coast Federation of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries* Serv., 265 F.3d 1028 1033–34 (9th Cir. 2001) (citing *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732 (1998) (holding that final agency decision was reviewable under the APA, 5 U.S.C. §§ 551, *et seq.*)

The remaining issues raised in Defendants' motion to dismiss that pertain to pending claims are Plaintiffs' failure to exhaust administrative remedies, and waiver of their claims by failing to participate in public comment. The two arguments are closely related, and here are analyzed together. Defendants raised other arguments, but those pertain to dismissed claims.

The Court first notes that a motion to dismiss for failure to exhaust administrative remedies ought to be brought as a non-enumerated motion under Fed. R. Civ. P. 12(b). *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The parties may go outside of the pleadings, and submit affidavits or declarations, *id*. at 1120 n.14, although here they merely attached exhibits to their pleadings. Because exhaustion is generally a jurisdictional requirement for judicial review under the APA, *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1096 (9th Cir. 2005), Plaintiffs bear the burden of establishing that they have adequately exhausted their remedies. *Tosco Corp. v. Communities for a Better Env't*, 236, / / /

F.3d 495, 499 ( 9th Cir. 2001) (party invoking court's jurisdiction bears burden of establishing it.)

With regard to exhaustion of remedies, Defendants cite 43 C.F.R. § 1610.5-2, and argue that it requires a person aggrieved by the Department of Interior's land use decision to file a protest within 30 days of the publication of notice of the environmental impact statement ("EIS"). They also argue that the FAC does not allege exhaustion of NEPA or FLPMA claims. Plaintiffs have requested leave to amend the complaint a second time to cure any deficiencies, but Defendants argue they will not be able to do so. In a separately enumerated but related argument, they argue Plaintiffs have waived their claims by failing to take advantage of two opportunities for public comment.

For their part, Plaintiffs argue they have adequately exhausted their remedies. They contend the regulation concerning the protest is permissive, and not a prerequisite. They cite *Darby v. Cisneros*, for the principle that, under the APA, an appeal is a prerequisite to judicial review only when the statute or rule "clearly mandates" exhaustion.  509 U.S. 137, 146 (1993) (holding that section 10(c) of the APA "by its very terms, has limited the availability of the doctrine of exhaustion of administrative remedies to that which the statute or rule clearly mandates.")   Here, the regulation in question provides that "[a]ny person who participated in the planning process and has an interest which is or may be adversely affected by the approval or amendment of a resource management plan may protest such approval or amendment." § 1610.5-2(a) (emphasis added).

Defendants have cited authority they argue holds that provisions including the term "may" are in fact required, but the Court finds these inapposite because other laws or rules rendered exhaustion of all available remedies mandatory. *See, e.g., Greifenberger v. Hartford Life Ins. Co.*, 131 Fed.Appx. 756,  758 (2d. Cir. 2005) (holding that because ERISA required benefit plans to provide for review of denied claims, language in plan document that said plan beneficiary "may appeal" described a mandatory review); *Braimah v. Shelton*, 2005 WL 1331147 at *2 (D. Neb. May 20, 2005) (even though language of inmate regulations handbook made grievance process permissive, exhaustion of any available remedies was

mandatory under PLRA). If there is some other provision of law making such a protest mandatory, Defendants have not cited it. *Compare Montana Wilderness Ass'n v. Fry*, 310 F. Supp. 2d 1127, 1138–39 (D. Mont. 2007) (holding that regulation providing a party "may appeal" a Bureau of Land Management decision was permissive, not expressly required).

Furthermore, even if a protest under this rule was required, it appears that a protest by anyone may be sufficient to exhaust. *See BioDiversity Conservation Alliance v. Bureau of land Management*, 608 F.3d 709, 714 (10th Cir. 2010) (assuming that a protest under § 1610.5-2(a) was necessary to exhaust administrative remedis, but holding that because one group filed a protest, the proceses were exhausted for all groups). The administrative exhaustion rule requires parties to "structure their participation so that it alerts the agency to the parties' position and contentions, in order to allow the agency to give the issue meaningful consideration." *Dep't of Transp. v. Pub. Citizen,* 541 .S. 752, 764 (2004) (citation and internal quotation marks omitted).  In view of the large number of interested groups, it is possible another group raised the same concerns, and that Defendants had an opportunity to give the issue meaningful consideration. *See also Nat'l Parks & Conseravation Ass'n v. Bureau of Land Management*, 606 F.3d 1058, 1065-66 (9th Cir. 2010) (holding that exhaustion requirement should be interpreted broadly, and that requirement was satisfied as long as plaintiffs raised issues with sufficient clarity to put defendants on notice of the alleged violations).

Plaintiffs also argue that, in spite of inadequate notice by Defendants, they did take advantage of public opportunities to make their objections known. In support of this, they cite exhibits 3 through 6, attached to their opposition, though these exhibits are lengthy and they did not cite particular sections of them.

Bearing in mind that Defendants originally moved to dismiss for several different reasons, it is not surprising that the briefing develops the exhaustion issue only minimally. The exhaustion and waiver issues have not been briefed adequately enough to permit the Court to make a conclusive determination, although at this point it appears reasonably likely Plaintiffs have exhausted their administrative remedies.  At the  same time,  the Court  is

1   obligated to confirm its jurisdiction. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429

2   U.S. 274, 278, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

3       The motion to dismiss is **DENIED**. To enable the Court to be certain of its jurisdiction,

4   Plaintiffs shall file a second amended complaint, including only pending claims, and pleading

5   facts that show they have adequately exhausted available administrative remedies. If

6   remedies were unavailable, they shall plead facts to show that as well. The amended

7   complaint shall be filed no later than **21 calendar days from the date this order is issued**.

8

9       **IT IS SO ORDERED**.

10  DATED:  March 27, 2012

11

12  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv2664